**DAWSON, Mayor, et al. v. McWILLIAMS et al.**

No. 22794. Sept. 12, 1933.

Commons & Chandler, for plaintiffs in error.

Frank Nesbitt, for defendants in error.

McNEILL, J. The question involved in this case is whether the mayor of the city of Commerce, Okla., has the right to appoint a water superintendent for said city.

We need not discuss the pleadings, or the details leading up to the judgment of the trial court holding that plaintiffs, as members of the city council, were entitled to an injunction against said mayor and the superintendent of the waterworks appointed by him from interfering with the nomination of a superintendent of the city waterworks by said city council of said city.

The facts are not disputed. The city of Commerce is a city of the first class.

Plaintiffs in error, being the defendants below, urge that the mayor of the city of Commerce had authority to appoint the waterworks superintendent by virtue of an ordinance of said city which provided that the mayor should nominate the waterworks superintendent, who should be confirmed by the city council. They urge that this ordinance was enacted pursuant to section 4410, C. O. S. 1921 [O. S. 1931, sec. 6055].

Plaintiffs in error further contend that section 4416, C. O. S. 1921 [O. S. 1931, sec. 6065], was enacted by the territorial Legislature of 1893; that as time advanced and there was need for more local self-govern-

ment, the territorial Legislature of 1905 enacted section 4410, C. O. S. 1921 [O. S. 1931, sec. 6055], which by implication repealed the aforesaid section 4416, which is in conflict with said section 4410.

The defendants in error contend that the city council had the right to appoint the waterworks superintendent under section 4416, C. O. S. 1921 [O. S. 1931, sec. 6065], and that said ordinance of said city is wholly inconsistent with and repugnant to section 4416, and by reason thereof is void. Said defendants in error further contend that section 4416 was not repealed by implication by said section 4410, and that said ordinance of said city goes beyond the scope of authority extended by section 4410, and by reason thereof is void.

We find no merit in the contention of the plaintiffs in error. There is no conflict or repugnancy between sections 4410 and 4416, supra. Said section 4410 has no reference to any appointment of any employee or official. It deals with the protection, maintenance, and management and control of the waterworks of any incorporated town or city of the state. Section 4416 is specific in providing that the council of the city shall have the power to appoint and employ such engineer and other officers to superintend and operate the waterworks of said city, etc. The subject-matter of the two sections is not the same. The city council has the right to appoint the waterworks superintendent. Boles, Mayor, v. Perkinson, 85 Okla. 244, 205 P. 770.

Judgment affirmed.

CULLISON, V. C. J., and ANDREWS, OSBORN, BAYLESS, and BUSBY, JJ., concur RILEY, C. J., and SWINDALL and WELCH, JJ., absent.